**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Demar Energy LLC | **DEFENDANTS**<br>Udi Gilboa; Topnotch DTLA US,llc; DTLA TD Energy LLC; ALKM Financial Services, Ronen Twitto and other interested parties. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kent Salveson | **ATTORNEYS** (If Known)<br>Garrick Hollander |
| **PARTY** (Check One Box Only)<br>X Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  X Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an action to quiet title, pursuant to 11 USC 365(a), as to the ownership of bankruptcy estate property and to determine ownership of member interests in Demar Energy LLC and TDLA TD Energy LLC

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
X 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
X 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
X 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
X 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| X Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought   Declaration that the estate property belongs to the Debtor-Plaintiff | |

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Demar Energy LLC | | BANKRUPTCY CASE NO.<br>8:18-bk-13004 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Theodor Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF<br>Demar Energy LLC | DEFENDANT<br>Uhed Gilboa et al | | ADVERSARY PROCEEDING NO.<br>8:18-bk-13299 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central | | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Theodore Albert |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/S/ Kent Salveson* | | | |
| DATE<br>Nov. 6, 2018 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kent Salveson | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Kent Salveson, SBN 101311
2549 East Bluff Dr.-B; #459
Newport Beach, CA 92660

Telephone:   (949) 291-7393
Facsimile:
Email: Kent1199@Gmail.com

Attorney for: Demar Energy LLC; DIP

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| **In re**<br><br>Nasco Petroleum LLC<br>                              Debtor<br><br>Demar Energy LLC<br>                              Debtor.<br><br><br>Demar Energy LLC; a California Limited Liability Company<br><br>                v.<br><br>TDLA TD Energy LLC; a Delaware limited liability company; Topnotch DTLA US, LLC a Delaware Limited Liability Company; ALKM Financial Services LLC; a Delaware Limited Liability Company; Ehud Gilboa; an Individual; and RonenTwito, an Individual | **Lead Case No.   8:18-BK-13004 -TA**<br><br>**Chapter  11**<br><br>**Joint Admin. with: 8:18-bk-13299 - TA**<br><br>**Adv. Proc.**<br><br>**COMPLAINT FOR DECLARATORY RELIEF;  QUIET TITLE TO BANKRUPTCY ESTATE PROPERTY; FRAUD; CONVERSION; AND SANCTIONS AGAINST UHED GILBOA, RONEN TWITO AND AMIT YONAY.**<br><br>Date:    December 11th, 2018<br>Time:    2::00 pm<br>Place:   Courtroom 5B<br>            United States Bankruptcy Court<br>            411 W. Fourth St.<br>            Santa Ana, CA 92701 |

```
                    Demar Energy Complaint

                          - 1
```

Demar Energy LLC, as Debtor in Possession, respectfully alleges as follows:

## STATEMENT OF JURISDICITON

1) Nasco Petroleum filed a petition under chapter 11 under Title 11 of the United States Bankruptcy Code on August 16, 2018; case # 8:18-bk-13004.

2) On September 4, 2018, Demar Energy LLC filed a chapter 11 petition under chapter 11 of the United States Bankruptcy Code; case # 8:18-bk-13299.

3) The claims in this Complaint arise in, are related to and effect the both the Nasco case and the Demar case.

4) The Court has ordered the joint administration of the two cases because they are related cases and for that reason Court has jurisdiction over both cases.

5) The instant adversary proceeding is brought pursuant to Rule 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (F.R.B.P.) and is a core proceeding pursuant to 28 USC 157(b)(2)(A),(B) and (0).

6) The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 USC 157, and 1334; and 11 USC 365(a).

7) Venue properly lies in this jurisdicial district in that this civil proceeding arises under Title 11n of the United States Code, or arises in or is related to a case under Title 28 of the United States Code, as provided for in 28 USC 1409(a).

## PARTIES TO THE ACTION

8) Demar Energy LLC is the Plaintiff and is the Debtor in Possession acting as the chapter 11 Trustee of the bankruptcy estate.

9) Defendants consist of Uhed Gilboa, individually; Ronen Twito, individually; TDLA TD Energy LLC, Topnotch DTLA US LLC; ALKM Financial Services LLC, collectively referred to as Defendant.

10) Plaintiff is informed and believes and thereon alleges that Defendant Udi Gilboa is an Israeli citizen and is *not a California resident.*

11) Plaintiff is informed and believes and thereon alleges that Defendant Ronen Twito is an Israeli citizen and is *not a California resident*.

12) Plaintiff is informed and believes and thereon alleges that TDLA TD Energy LLC; ALKM Financial Services LLC, and Topnotch TDLA US LLC are not registered to do business in the State of California.

13) Plaintiff is informed and believes and there on alleges that DTLA TD Energy; ALKM Financial Services, and Topnotch DTLA US that none of these Defendants have the capacity to sue and lack standing because they are not businesses registered to do business in the State of California.

### STANDING OF PLAINTIFF

14) Plaintiff, Demar Energy LLC, a California limited liability company, is the Debtor in Possession and has standing to bring this action pursuant to 11 USC 1106 and FRBP Rule 7001(1)(2)(7) and/or (9).

### LACK OF STANDING and/or CAPACITY OF DEFENDANTS TO SUE

15) Judicial notice is requested that a search of the website for the California Secretary of State using the "Business Search" tab shows that Defendant ***DTLA TD Energy LLC is not registered*** to do business in the State of California and for that reason lacks both capacity to sue and standing.

16) Another search for ***ALKM Financial Services LLC shows that it is not registered*** to do business in the State of California and therefore lacks both capacity to sue and standing.

17) Lastly, a search for ***Topnotch DTLA US LLC shows that it is not registered*** in the State of California and for that reason lacks capacity to sue and standing.

18) California Code of Civil Procedure 430.10(b) and California Corporations Code 2105 and 2203 prohibit an unregistered foreign entity that has transacted intrastate business from asserting a claim or cause of action.

### ALLEGATIONS

**Demar Energy Members and Capital Contributions:**

19) Plaintiff is Demar Energy LLC, a California limited liability company.

20) Plaintiff is in the business of buying, operating, managing, developing and selling oil wells and natural gas wells.

21) The managing members of Demar Energy are Marshall Diamond Goldberg and Derek Lamarque.

22) Initially, Mr. Goldberg and Mr. Lamarque were the only members.

23) As part of the Managers' effort to finance the purchase of an oil well property, the Managers caused Demar Energy to issue convertible debt to 4 investors in exchange for a $600,000 loan, "**bond-holders**".

24) Amit Yonay assisted Demar Energy by raising $600,000 of debt pursuant to a Convertible Promissory Note.

25) The terms of the Note allowed Demar Energy to convert the $600,000 obligation into an equity interest.

26) Demar Energy in its sole and absolute discretion had the right to convert the Notes into an equity interest pursuant to paragraph 5(a) of the Convertible Promissory Note.

27) The bond-holders are IKO Investments - $100,000, Stabinsky - $100,000, Elkouby - $100,000 and Yonay - $300,000.

28) On July 1, 2018 Demar Energy converted the Notes held by the 4 bond-holders to an equity interest terminating the $600,000 obligation.

29) Amit Yonay, as an individual, is not a member of Demar Energy LLC.

30) Amit Yonay rejected direct membership in Demar Energy in favor of becoming a bond-holder pursuant to Convertible Promissory Note.

31) The Convertible Promissory Note gave him the option to be a member if the investment was successful or to demand repayment of his investment if the investment was not successful.

32) Separately Amit Yonay owns IKO investments which is the beneficiary of a $100,000 Convertible Promissory Note plus IKO owns an initial "**equity-kicker**" interest of 2% which has been diluted to a lesser amount due to later capital contributions.

33) Because Amit Yonay raised the $600,000, he was made a manager (not a member) of Demar Energy.

34) As a manager for 3 months during which time he was supposed to handle the finance and accounting aspects of Demar Energy including the opening of the Demar Energy bank account.

35) During his 3 month tenure at Demar Energy, Amit Yonay and Uhed Gilboa conspired to defraud and in fact did defraud Plaintiff by literally embezzling, converting and/or stealing all of Demar Energy's funds out of its bank account so that Demar Energy could not make its first scheduled loan payment.

36) The theft was designed to trigger Demar Energy's default on its loan.

37) When Defendant states in its pleadings that it had knowledge that Demar Energy would default in advance of the July 10, 2018 payment due date, its knowledge was based on Uhed Gilboa and Amit Yonay stealing the funds of Demar Energy.

38) The bond-holders are now equity members in Demar Energy llc.

39) Also, June 10, 2018, Demar Energy admitted another new member that has agreed to make a $3,000,000 capital contribution and provide a $300,000 cash bond to replace the existing oil conservation bonds.

40) Alliance Energy Solutions holds a 65% interest in Demar Energy based on it capital contribution divided by total capital invested.

41) Currently, the only members of Demar Energy are Mr. Goldberg, Mr. Lamarque, Alliance Energy Solutions, and the 4 converted bond-holders.

42) Collectively, the members constitute the owners of Plaintiff.

**The Property and Purchase:**

43) Plaintiff identified an oil and gas well facility located at 1325 South Broadway, Los Angeles, CA, the **"Property"**, that it wanted to acquire.

44) Plaintiff made an offer to acquire the Property and eventually entered into a Purchase and Sale Agreement with an effective date of January 1, 2018 with the Seller, Delco Petroleum, for $2,160,000.

45) Plaintiff is the Buyer under the **Purchase and Sale Agreement** to acquire the Property from Seller.

46) The only parties to the Purchase and Sale Agreement are Plaintiff and Seller.

47) Seller consists of Delco Petroleum, ATCO Petroleum, and YN 86000 referred to as Delco or Seller.

48) No Defendant is a signatory or 3rd party beneficiary of the Purchase and Sale Agreement.

49) The Property consists of oil and gas wells located on 3 parcels of land.

50) The Property under the Purchase and Sale Agreement consists of both real property, personal property, and intangibles related to the production of oil and gas.

51) The Purchase and Sale Agreement does not sell, transfer or convey any right, title or interest of Nasco Petroleum which is a separate legal entity.

52) The Property is located at 1325 South Broadway, Los Angeles, CA.

53) The three parcels of land consist of a fee simple interest in lot 6; a 99 year ground-lease for lot 7 allowing for the exploration and extraction of oil and gas; and a 99 year ground-lease for lot 29 allowing for the exploration and extraction of oil and gas.

54) The purchase price of the Property is $2,160,000, plus the payment of trade debt of $877,000.

55) The effective date of the Purchase and Sale Agreement was January 1, 2018.

**Nasco Petroleum Assignment**

56) Plaintiff also negotiated the assignment of Nasco Petroleum to Seller.

57) The Nasco assignment was agreed to under a separate assignment agreement meaning it was not a part of the Purchase and Sale Agreement.

58) Nasco is an oil field manager or operating company.

59) Nasco does not own any real or personal property.

60) Nasco only holds the permits and licenses to operate the oil and gas well Property.

61) Seller assigned all of its interest in Nasco to Plaintiff subject to a reversionary interest if Plaintiff failed to perform Conditions-Subsequent.

62) With respect to the Conditions-Subsequent, Plaintiff breached the Nasco assignment agreement because Defendants defaulted on their performance owed to Demar Energy.

63) Upon default by Demar Energy, all shares of Nasco reverted to Seller.

**Purchase Terms and Anticipatory Assignment**:

64) Plaintiff sought and interviewed several debt and equity financial participants to cover part of the cost of the acquisition price.

65) Plaintiff selected Defendant.

66) Defendant consists of a number of constantly changing alter ego and shell companies controlled by Udi Gilboa, all of which are used for his personal fraudulent purposes.

67) None of Defendants companies are registered to do business in the State of California and for that reason lack standing and capacity to sue in court.

68) Defendant includes but is not limited to Uhed Gilboa, Topnotch DTLA US, llc; TDLA TD Energy llc; ALKM Financial Services llc; and Ronen Twito.

69) The Purchase and Sale Agreement included terms and conditions that had to be satisfied post-closing referred to as Conditions Subsequent in order for title to fully vest in Plaintiff as the Buyer.

70) One of the provisions of the Purchase and Sale Agreement was paragraph XVI.16 which prohibits Demar Energy, Plaintiff, from assigning its interest in the property to any third party including Gilboa until such time as the Conditions Subsequent are satisfied and the Seller, Delco, gives its consent to the assignment.

71) No consent has been issued by Delco so no assignment has been agreed to by the Seller.

72) Plaintiff and Defendant, in anticipation of consent from the Seller, entered into a number of agreements to assign the rights under the Purchase and Sale Agreement to TDLA TD Energy LLC.

73) TDLA TD Energy LLC is a company that is not registered to do business in the State of California yet is actively doing business within the state.

74) The assignment from Demar Energy to TDLA TD Energy is subject to the condition-precedent that the Seller, Delco, must consent to the transfer, however no consent was issued so there has not been an assignment from Demar Energy to DTLA TD Energy.

75) The assignment is an executory contract since its performance has not yet occurred.

76) Defendant breached its agreements with Plaintiff causing a dispute between the parties and causing Plaintiff to breach its agreement with Seller.

**TDLA TD Energy Capital Account and Member Interests:**

77) Plaintiff is also a member of TDLA TD Energy and owns a 25% interest which is claimed to be an 80% interest based on Plaintiff's capital account.

78) Plaintiff's membership interest is based on it projected capital account of $600,000, the amount agreed upon when the TDLA TD Energy operating agreement was signed.

79) Plaintiff was supposed to only have a $600,000 capital account in exchange for 25% in TDLA TD Energy.

80) Defendant failed to contribute all of the required capital to its capital account and Defendant then converted money to its personal use such that it reduced the Defendant's capital account to reflect only a 20% interest in TDLA TD Energy.

81) Plaintiff claims an 80% interest in TDLA TD Energy because it has contributed 80% of the total capital to the company.

82) Defendant highjacked Nasco, oil field operating company and converted $657,000 to its personal use.

83) Defendant has taken revenues that belong to Demar Energy and disbursed the money to Amit Yonay and Uhed Gilboa for the personal benefit and use.

84) The conversion of the revenue is the proximate cause of Demar Energy's need to file a voluntary chapter 11 bankruptcy petition.

85) Defendant's claim to any property interest rests on the validity of the assignment agreement between Demar Energy and TDLA TD Energy.

86) Plaintiff has rejected the assignment between Demar Energy and TDLA TD Energy as an executory contract pursuant to 11 USC 365(a).

87) Plaintiff claims the sole and exclusive right, title and interest in the Property described in the Purchase and Sale Agreement.

88) Defendant has made false claims that it is the owner of the Property described in the Purchase and Sale Agreement despite not being a party to the agreement preventing Plaintiff from filing a plan of re-organization.

89) Defendant has also falsely claimed that it owns a membership interest in Demar Energy LLC, the Plaintiff because it realizes that the rejection of the Demar-TDLA assignment terminates its expectation of the transfer of property rights to TDLA TD Energy.

90) Demar Energy LLC, Plaintiff has never issued a membership interest to Defendant and does not recognize him as a member.

91) Defendant does not have a capital account in Plaintiff as required under 26 USC 263(a).

## FIRST CAUSE OF ACTION

## QUIET TITLE TO PROPERTY UNDER THE PURCHASE AND SALE AGREEMENT BY OPERATION OF LAW UNDER BANKRUPTCY CODE 365(A)

92) Plaintiff incorporates and re-alleges paragraphs 1-91 as if set forth fully.

93) Pursuant to 11 USC 365, Plaintiff has rejected the assignment agreement entered into by and between Demar Energy LLC and TDLA TD Energy LLC for the purpose of terminating the assignment of the Property under the Purchase and Sale Agreement.

94) As provided above the assignment agreement between Demar Energy and TDLA TD Energy creates a future assignment of the Property described in the Purchase and Sale Agreement is an executory contract.

95) 11 USC 365(a) Provides that "*the trustee, …may assume or reject any executory contract or unexpired lease of the debtor.*"

96) The rejection of the Demar Energy and TDLA TD Energy assignment agreement terminates any right, title or interest in the property that may have been held by Defendants.

97) Plaintiff claims that based on 11 USC 365 that all right, title and interest in the Property described in the Purchase and Sale Agreement remains vested solely and exclusively in Demar Energy LLC as a result of rejecting the assignment agreement.

Demar Energy Complaint

- 8

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF AS TO NASCO PETROLEUM HAVING NO OWNERSHIP PROPERTY INTEREST UNDER THE PURCHASE AND SALE AGREEMENT

98) Plaintiff hereby incorporates each and every allegation contained in paragraphs 1-97 above.

99) Nasco Petroleum does not own any real or personal property and for that reason the reversion of the membership interests in Nasco back to Seller does not affect the title to the Property received by Plaintiff under the Purchase and Sale Agreement.

100) Plaintiff holds title to the Property under the Purchase and Sale Agreement only subject to Conditions Subsequent.

101) Consequently, Nasco does not have any interested party in regard to the right, title and interest in the Property described in the Purchase and Sale Agreement and the reversion has no effect on the Property conveyed by Delco as Seller.

102) The Plaintiff is the only entity holding all right, title and interest in the Property described under the Purchase and Sale Agreement.

## THIRD CAUSE OF ACTION:

## THE NASCO ASSIGNMENT IS AN EXECUTORY CONTRACT SUBJECT TO REJECTION UNDER 365(A)

103) Plaintiff hereby incorporates each and every allegation contained in paragraphs 1-102 above.

104) The assignment of the membership interest in Nasco is an executory contract.

105) The Nasco assignment from Demar Energy to Defendant has been rejected by Demar Energy.

106) The rejection terminates the interest of Defendant in Nasco pursuant to 11 USC 365(a).

107) Demar Energy has elected to enforce the assignment against Aziz Delrahim who is the person that is the assignor of the Nasco Petroleum assignment.

108) Plaintiff is the sole party that is entitled to accept or reject the Nasco assignment and for that reason it is the sole beneficiary of the assignment.

# FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF THAT DEFENDANT DID NOT BUY DEMAR ENERGY'S DEBT AND CONVERT IT TO AN EQUITY MEMBERSHIP

109)    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1-108 above.

110)    Membership in Demar Energy LLC is established by making a capital contribution to the company, applying for membership to the managing members and receiving the consent of the managing members to become an accepted member.

111)    A capital account means an account under 26 USC 263(a) of the Internal Revenue Code.

112)    The only accepted members that have capital accounts in Demar Energy LLC are Mr. Goldberg, Mr Lamarque, Alliance Energy Solutions, and the 4 converted members.

113)    Demar Energy had entered into a 4 Convertible Promissory Notes for a total amount of $600,000 that allowed the Debtor, Demar Energy, to convert the Notes into an equity interest in Demar Energy pursuant to paragraph 5(a).

114)    On July 1, 2018, Demar Energy elected to convert the Notes into an equity interest pursuant to paragraph 5(a) of the Note.

115)    The conversion terminated the $600,000 obligation under the Note.

116)    Amit Yonay, with knowledge that the Note had been converted to equity, agreed to sell the Notes to Defendant who also knew that the Notes had been converted, for the sole purpose of attempting to defraud Plaintiff by making a false and frivolous claim in regard to a membership interest.

**117)**    Consequently, Plaintiff is owned solely and exclusively by the existing members because at the time of sale of the Notes, the obligations had been terminated.

**118)**    Defendant has never applied to, made a capital contribution to, nor has it been approved as a member by Demar Energy LLC and for that reason is not a member.

# FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF PURSUANT TO 11 USC 365(A)
## FOR EXECUTORY CONTRACT REGARDING MEMBERSHIP INTEREST

119)    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1-118 above.

120) Plaintiff's converted the debt under the Convertible Promissory Notes to a membership interests extinguishing the debt pursuant to its contract rights.

121) Defendant did not buy the Debt from Amit Yonay because at the time of sale the debt had been extinguished.

122) Because the debt had been extinguished by conversion, Defendant could not acquire the debt and use that as its method to acquire an interest in Demar Energy.

123) Amit Yonay effectively defrauded Defendant by selling an obligation which Amit Yonay knew had been extinguished through conversion of the debt to equity.

124) Defendant's claim must fail because the alleged conversion of the Debt by Gilboa is not automatic and not absolute meaning that it is not fully performed.

125) Therefore Defendant's claim fails as an executory contract which Plaintiff, Demar Energy has rejected.

126) To claim a membership interest Gilboa must first perfect its ownership of the debt which it cannot do because the debt had been converted to equity.

127) Assuming that the debt has been transferred to Defendant it must assert its right to membership and be accepted into Demar Energy as a member.

128) Demar Energy has never agreed to admit Defendant as a member.

129) Pursuant to 11 USC 365(a), the Debtor may reject the assignment of a membership interest thereby terminating the right of Defendant to a membership interest in the Debtor.

## SIXTH CAUSE OF ACTION
### FRAUD BY UHED GILBOA, RONEN TWITO AND AMIT YONAY

130) Plaintiff hereby incorporates each and every allegation contained in paragraphs 1-129 above.

131) Defendants, Uhed Gilboa, Ronen Twito, and Amit Yonay damage Plaintiff by stealing, embezzling and/or converting Demar Energy's bank account and the funds contained in the bank account to their personal use.

132) The funds were stolen, embezzled and/or converted by Uhed Gilboa, Ronen Twito and Amit Yonay to prevent Plaintiff from making its loan payment to the 4 bond-holders under the Convertible Promissory Note.

133) Defendants attempted to trigger a technical default allowing them to seize control of the debt under the more burdensome provisions of paragraph 5(b) which is invoked in the event of a default as opposed to a conversion while the Notes are current under provisions of 5(a) of the Note.

134) By fraudulently triggering the default the Defendants sought to steal the ownership or equity interests of other equity members of Demar Energy.

## SEVENTH CAUSE OF ACTON
## EMBEZZLEMENT AND CONVERSION OF $657,000

135) Plaintiff hereby incorporates each and every allegation contained in paragraphs 1-134 above.

136) Plaintiff have been damaged by the embezzlement and conversion of $657,000 of revenue derived from the sale of oil and gas that has been taken by Defendant.

137) Plaintiff is the sole and absolute owner of the oil and gas Property and all revenue generated or produced by the Property is owned by Plaintiff.

## EIGHT CAUSE OF ACTION
## QUIET TITLE TO PERCENTAGE OWNESHIP INTERESTS
## IN TDLA TD ENERGY LLC

138) Plaintiff hereby incorporates each and every allegation contained in paragraphs 1-137 above.

139) Plaintiff has contributed 80% of the capital to TDLA TD Energy LLC.

140) Plaintiff is entitled to an 80% membership based on its capital contribution and capital account.

141) Defendant has breached its agreement by not funding the required capital contribution it agreed to contribute and by converting money to its use causing Plaintiff to file bankrupty.

142) Defendant has claimed a 75% interest in the TDLA TD Energy but has only contributed 20% of the capital.

143) Consequently, Plaintiff claims an 80% interest in TDLA TD Energy.

## CONCLUSION

WHEREFORE, Plaintiff, the Chapter 11 Debtor in Possession prays that this court enter a judgment in favor of Plaintiff for a judicial declaration and damages as follows:

A) First Cause of Action: The Plaintiff has properly rejected the assignment agreement entered into by Plaintiff and TDLA TD Energy LLC;

B) First Cause of Action: The Plaintiff, pursuant to the application of 11 USC 365 is the sole and exclusive owner of the Property described in the Purchase and Sale Agreement;

C) Second Cause of Action: That Nasco has no right, title or interest in any of the Property described under the Purchase and Sale Agreement;

D) Third Cause of Action: That the Nasco Assignment Agreement is an executory contract that is subject to rejection under 11 USC 365(a) and that Demar Energy has rejected the assignment agreement between Plaintiff and Defendant.

E) Fourth Cause of Action: That Demar Energy LLC is owned solely and exclusively by Derek Lamarque, Marshall Diamond Goldberg, Alliance Energy Solutions, and the 4 convert equity investors.

F) Fifth Cause of Action: That Defendant has no membership interest in Demar Energy.

G) Sixth Cause of Action: Defendants have damaged Plaintiff though fraud by converting Plaintiffs bank accounts with damages to be fixed according to proof.

H) Seventh Cause of Action: That Defendants have embezzled, converted and/or stolen $657,000 form Plaintiff.

I) Eight Cause of Action: Declaration that Demar Energy owns 80% of TDLA TD Energy LLC based on its capita account equaling 80% of the funds contributed.

J) For attorney's fees and costs

K) For such other relief as the Court deems just and proper.

Dated November 6, 2018

*/S/ Kent Salveson*
_____

Kent Salveson, Attorney for Plaintiff – Demar Energy LLC

```
Demar Energy Complaint
```

- 13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1400 Quail Street, #100, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): _____
Debtor's Motion for Summary Judgment to Quiet Title regarding: (1) Rejection of executory contract under 11 USC 365(a); (2) Lack of Nasco interest in Property, (3) membership in Demar Energy llc; (4) Membership in TDLA TD Energy llc

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/7/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kent Salveson: Kent1199@Gmail.com
Nancy Goldenberg: Nancy.Goldenberg@usdoj.gov
United States Trustee (SA): ustp16.sa.ecf@usdoj.gov
Nanette D Sanders: Becky@Ringstadlaw.com / arlene@ringstadlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/7/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/7/2018 | Kent Salveson | _/s/_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

Demar Energy LLC
9 MacArthur Place; #1901
Santa Ana, CA 92707

Kent Salveson
Kent Salveson
2549 East Bluff Drive; B-459
Newport Beach, CA 92660

Alliance Energy Solutions
45100 Golf Center Parkway; #C
Indio, CA

Alliance Energy Solutions
45100 Golf Center Parkway; #C
Indio, CA 92201

Aziz Delrahim
Beverly Hills, CA

IKO Investments LLC
1768 Mesa Ridge
Thousand Oaks, CA 91362

Ilan Elkouby
21 Hanarkisim Street
Atliot 30300 Israel

Marshall Diamond Goldberg
9 MacArthure Place; #1901
Santa Ana, CA 92707

Shahar and Rina Yonay
126 Dover Street
Brooklyn, NY 11235


Udi Gilboa
251 Little Falls Drive
Wilmington, DE 19808


Zipora Stabinsky
3827 Bowsprit Circle
Westlake Village, CA 91361

Udi Gilboa
TDLA TD Energy llc
1325 South Broadway
Los Angeles, CA 90015


Udi Gilboa
1325 South Broadway
Los Angeles, CA 90015


Topnotch TDLA US llc
1325 South Broadway
Los Angeles, CA 90015

Ronen Twito
1325 South Broadway
Los Angeles, CA 90015

Udi Gilboa
AKLM Financial Services
1325 South Broadway
Los Angeles, CA 90015


Nasco Petroleum
1325 South Broadway
Los Angeles, CA 90015



Aziz Delrahim
1325 South Broadway
Los Angeles, CA 90015