Kent Salveson, SBN 101311
2549 East Bluff Dr.-B; #459
Newport Beach, CA 92660

Telephone:    (949) 291-7393
Facsimile:
Email: Kent1199@Gmail.com

Attorney for: Pro se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| **In re** | **Case No. AP:** <br>  8:18-BK-13004-TA |
| Nasco Petroleum | **Chapter 11** |
| Demar Energy LLC | **DEFENDANT SALVESON OBJECTS TO THE MOTION OF TIM AIRES "FOR ORDER RE: RIGHT TO PAYMENT OF MONEY" DUE TO LACK OF SERVICE OF PROCESS; FRAUD; BREACH OF SETTLEMENT AGREEMENT; LACK OF CLIENT AUTHORITY AND ABUSE OF PROCESS.** |
| Debtors,<br>Debtor's in Possession;<br>Defendants | |
| | Date:    July 31, 2019<br>Time:    10:00 am<br>Place:   Courtroom 5B<br>              United States Bankruptcy Court<br>              411 W. Fourth St.<br>              Santa Ana, CA 92701 |

**EMERGENCY OBJECTION TO MOTION FOR ASSIGNMENT ORDER**

OBJECTION OF MOTION OF TIM AIRES

- 1

**OBJECTION**

This is a late filed emergency objection because the subject motion was (1) filed in a deceptive and fraudulent manner resulting in the failure of service of process, (2) without authority of the client and (3) in violation of a settlement agreement.

DLTA, Plaintiff, and Demar Energy were engaged in a heavily contested matter regarding title to an oil well property, the "Property", located at 1325 South Broadway, Los Angeles, CA.  Demar Energy was represented by attorney Kent Salveson, Defendant.  DTLA filed a motion for sanctions (docket 145) on *January 9, 2019* against Defendant.  Plaintiff obtained a *default* judgment for sanctions (docket 162) on *February 11, 2019* against Kent Salveson.

However, before the motion for sanctions had been filed, Defendant agreed to and believed it was engaged in a settlement agreement as of *January 7, 2019* with Plaintiff pursuant to which Defendant made a good faith deposit of $1,000,000.  Defendant had not been served with the motion for sanctions and was not aware of the motion due to the settlement agreement.  Defendant still unaware of the default judgment entered into a Letter of Intent with Plaintiff to buy the Property for $2,700,000 on *April 5, 2019*. The letter of intent became a "Settlement Agreement" between Plaintiff and Defendant on *May 1-24, 2019*.  The settlement agreement consisted of an Assignment and Assumption of Interests; and a Settlement Agreement.  None of these documents referred to ever gave notice to Defendant that a default judgment existed.

In good faith, Defendant immediately commenced work under the terms of the Settlement Agreement to buy the Property for $2,700,000.  Within the first 30 days Defendant had raised $1,750,000. Within 60 days, Defendant had commitments for $2,700,000 and was focused on providing the investors with all request and/or necessary due diligence.  Defendant also have other interested parties willing to invest such that the total financial commitment would be between $3,100,000 and $3,500,000. Defendant's investors inspected the Property on *July 13, 2016* and made employment commitments to hire petroleum engineers to assist with the operation of the Property.  Defendant had deposited $600,000 into the Ticor Title escrow and other investor were ready to fund their share of the purchase price.  There were no significant outstanding issues between Plaintiff and Defendant.

The parties extended the performance date under the Settlement Agreement several times to accommodate the funding and purchase of the Property.  The most recent performance date extension was to *July 16, 2019*.  Defendant and Plaintiff were very close to closing the purchase.

Importantly, Defendant and Garrick Hollander had been working together closely, professionally and in good faith.  Garrick Holland and Defendant were working under the Settlement Agreement to closed the Property Sale. Part of the Settlement Agreement was a stay as to the enforcement of the default

judgment regarding sanctions and that Defendant would not move to vacate the default. The parties worked together cooperatively and in good faith.

Unknown to Defendant and Garrick Hollander, the Plaintiffs had retained a debt collection attorney, Tim Aires. However, Plaintiff had told Tim Aires to stop all work to allow the Settlement to proceed to closing. The relationship between Defendant and Garrick Hollander was that if any enforcement action was going to be taken that it would be discussed first and the parties would attempt to resolve the issue without court action. Defendant relied on this relationship of open and good faith communication.

***On May 31, 2019***, Tim Aires disguised his Notice of Motion and Motion for Assignment of Money (docket 187) by ***filing the motion under Garrick Hollander's law firm name.*** Tim Aires intentionally disguised his identity. Defendant did not look to or respond to the filing because Defendant and Garrick Hollander had a clear understanding that any filing would be discussed first and both had agreed to a stay of enforcement pursuant to the Settlement Agreement.

Tim Aires did not have the consent or permission of Garrick Hollander to file an enforcement action under Garrick Hollander's name against Defendant particularly because Defendant and Garrick Hollander were bound by the terms of a Settlement Agreement. In fact, when Garrick Hollander learned that Tim Aires had disguised his motion as one being filed by Garrick Hollander, Hollander immediately sent Aires an angry cease and desist communication. Consequently, the service of process of the motion was through a law office with which Tim Aires knew would be both a disguise and surprise as to Defendant. For the reason that Tim Aires misrepresented the law firm serving Defendant, the service of process should fail.

Tim Aires was told by his clients to cease and desist from taking any enforcement action. Garrick Hollander and Defendant had an email exchange on June 5, 2019 stating that:

> Hollander: "*any meaningful progress to report*". Salveson: "*You're Kidding Right, you just served me with a debtor exam dated May 30. So while I'm trying to do this deal and we haven't even reach the May 31 deadline, you're sandbagging me. I've hired a friend to represent me on a motion to set aside the default judgment for sanctions and if we prevail then back to court. I am also filing for a refund of my $100,000 based on fraud, it clear there was no intent to do this deal.*" Hollander: "*I didn't serve you with anything. I was just communicating with my client about how I thought you were going to close.*" Salveson: "***Your name is on the debtor's exam for June 27, 2019 in Albert's court.***" Hollander: "***this is completely untrue and you know it. I didn't prepare any such pleading nor did I authorize my name on any such pleading***." ( Email Series #8 ).

Udi Gilboa the principal client of Tim Aires stated that:

*Garrick, as you are well aware, I have instructed already **twice (!)** to hold back the legal proceedings**. Please instruct Tim immediately to hold back all the legal proceedings** until we close the deal by the end of the month. In addition, please forward this mail to Kent. You know I gave my word (to you and Kent) we hold back everything with an objective to close. I instructed it and I am behind it !"*

Amit Yonay is also a client of Tim Aires. Amit Stated that:

*Garrick, why is this happening when **it should have been clear to Tim to stop** for a period to allow for this deal to close ? Please look into this and let us know as I know for a fact that you, as well as the **Isrealies wanted all these collection efforts stopped/delayed to allow for completion of this transaction.** I am assuming that this can be eliminated relatively quickly especially if this deal is completed by the end of the month. I look forward to closing this deal this month. Thanks Amit"*

Defendant was told by Garrick Hollander and Plaintiffs that the motion had been take off calendar and no further enforcement action was going to occur. Defendant relied on these representations. Garrick Hollander, was surprised to learn on July 29, 2019 that Tim Aires had not only failed to withdraw his motion as instructed but in fact had merely re-scheduled it to July 31, 2019 without the consent of any party.

Neither the Defendant or the Plaintiff wanted this enforcement action to occur. Regardless, Tim Aires in pursuit of his own interests and legal fee has placed his interests ahead of the interests of his clients and intentionally violated the Settlement Agreement between the Plaintiff and the Defendant. Tim Aires lacks the authority from his client to pursue this motion. In fact, Mr. Aires is now liable for significant damages for filing this motion and causing the Settlement Agreement to fail in addition to an abstract of judgment filed later. Both Plaintiff and Defendant have claims and causes of action against Tim Aires.

## CONCLUSION

Based on the above arguments and the attached exhibits, Defendant requests that the Court to find that:

1) Tim Aires has failed to properly serve Defendant because the service of process was done through a deceptive method using another law firm for the purpose of disguising his motion causing Defendant to disregard the service based on Defendant's working relationship Garrick Hollander and his law firm;
2) Service of process also fails because his client had entered into a settlement agreement with Defendant and pursuant to the Settlement Agreement Plaintiff had instructed Tim Aires not to take any other enforcement action causing Aires to not have the authority to file the motion;
3) The motion should be dismissed with prejudice;

Respectfully Submitted:


/S/ Kent Salveson
_____

Kent Salveson

# DECLARATION OF KENT SALVESON

    1   I am Kent Salveson, and I make this declaration based on my personal knowledge and experience.

    2   I am over the age of 21 years.

    3   The attached Settlement Agreement of January 7, 2019 is a true and correct copy executed by the parties.

    4   The attached Settlement Agreement of May 1, 2019 is a true and correct copy executed by the parties.

    5   The attached email exhibits are actual copies of the emails issued and received by Kent Salveson and represent the communications between the parties.


/S/ Kent Salveson
_____

Kent Salveson, Declarant

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1400 Quail Street, #100, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): __Objection to Motion for Order to pay money__

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/30/2019 _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/30/2019 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/30/2019 | Kent Salveson | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Demar Energy LLC
9 MacArthur Place; #1901
Santa Ana, CA 92707


Kent Salveson
Kent Salveson
2549 East Bluff Drive; B-459
Newport Beach, CA 92660


Alliance Energy Solutions
45100 Golf Center Parkway; #C
Indio, CA


Alliance Energy Solutions
45100 Golf Center Parkway; #C
Indio, CA 92201


Aziz Delrahim
Beverly Hills, CA



IKO Investments LLC
1768 Mesa Ridge
Thousand Oaks, CA 91362


Ilan Elkouby
21 Hanarkisim Street
Atliot 30300 Israel


Marshall Diamond Goldberg
9 MacArthure Place; #1901
Santa Ana, CA 92707


Tim Aires
Attorney at Law
6 Hughes; #205
Irvine, CA 92618

Shahar and Rina Yonay
126 Dover Street
Brooklyn, NY 11235

Udi Gilboa
251 Little Falls Drive
Wilmington, DE 19808

Zipora Stabinsky
3827 Bowsprit Circle
Westlake Village, CA 91361

Udi Gilboa
TDLA TD Energy llc
1325 South Broadway
Los Angeles, CA 90015

Udi Gilboa
1325 South Broadway
Los Angeles, CA 90015

Topnotch TDLA US llc
1325 South Broadway
Los Angeles, CA 90015

Ronen Twito
1325 South Broadway
Los Angeles, CA 90015

Udi Gilboa
AKLM Financial Services
1325 South Broadway
Los Angeles, CA 90015

Nasco Petroleum
1325 South Broadway
Los Angeles, CA 90015

Aziz Delrahim
1325 South Broadway
Los Angeles, CA 90015